IN THE MATTER OF THE BOARD OF PHARMACY DECISION TO PROHIBIT THE USE OF ADVERTISEMENTS CONTAINING COUPONS FOR PRESCRIPTION DRUGS.

SUPERMARKETS GENERAL CORPORATION, APPELLANT, AND CONSUMER VALUE STORES (CVS) A DIVISION OF MELVILLE CORPORATION, APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 6, 1983—Decided July 7, 1983.

Before Judges MILMED, MORTON I. GREENBERG and FURMAN.

*Robert G. Rose* argued the cause for appellant Supermarkets General Corporation (*Pitney, Hardin, Kipp & Szuch,* attorneys; *Hal R. Crane,* of counsel; *Robert G. Rose* and *Evelyn R. Storch,* on the briefs).

*William I. Strasser* argued the cause for appellant Consumer Value Stores (*Donohue, Donohue, Costenbader & Strasser,* attorneys; *William I. Strasser,* of counsel and on the briefs).

*Douglas J. Harper,* Deputy Attorney General, argued the cause for respondent Board of Pharmacy (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel; *Thomas H. Shar,* Deputy Attorney General, on the brief).

PER CURIAM.

Appeal is brought pursuant to *R.* 2:2–3(a)(2) from a declaratory ruling of the State Board of Pharmacy that "the issuance and redemption of pharmacy prescription coupons does constitute a violation of *N.J.S.A.* 45:14–12(f).". The declaratory ruling was in response to inquiries from pharmacists as to the legality of coupon advertising of prescription drugs providing for a rebate in purchase price upon redemption of a coupon.

*N.J.S.A.* 45:14–12(f) declares the distribution of premiums or rebates of any kind in connection with the sale of drugs and medications to be grossly unprofessional conduct by a pharmacist subjecting him to suspension or revocation of his registration certificate, with an exception for sales to persons 62 years of age or older.

Accordingly, coupon advertising of prescription drugs is advertising of an unlawful activity, the distribution of a rebate proscribed as grossly unprofessional conduct under *N.J.S.A.* 45:14–12(f). The declaring ruling under challenge restates what

is literally so; the issuance and redemption of pharmacy prescription coupons constitute a violation of *N.J.S.A.* 45:14–12(f).

Appellants' contention on appeal is that coupon advertising is commercial free speech entitled to the protection of the First Amendment to the Federal Constitution. They rely upon decisional authorities that state restrictions on commercial advertising violate First Amendment rights. But none of these authorities is directly in point; in none of them would the proscribed commercial advertising have advertised an activity itself unlawful, as on this appeal. The United States Supreme Court in *Va. Pharmacy Bd. v. Va. Consumer Council*, 425 *U.S.* 748, 772, 96 *S.Ct.* 1817, 1831, 48 *L.Ed.2d* 346 (1976), expressly excepted advertising of illegal transactions from its holding and in *Central Hudson Gas v. Public Service Comm'n*, 447 *U.S.* 557, 563, 100 *S.Ct.* 2343, 2350, 65 *L.Ed.2d* 341 (1980), made clear that: "The government may ban ... commercial speech related to illegal activity." *Central Hudson Gas* set out a four-part analysis for determining whether a ban on commercial advertising infringes the First Amendment. The first criterion is: "For commercial speech to come within that provision, it at least must concern lawful activity and not be misleading."

Appellants seize on the second criterion in *Central Hudson Gas,* that is, whether the asserted governmental interest in the ban on commercial advertising is "substantial." They argue that the State cannot meet "its burden" of establishing that *N.J.S.A.* 45:14–12(f) is in furtherance of a substantial governmental interest. In so arguing appellants would shift from themselves the burden of establishing the constitutional invalidity of *N.J.S.A.* 45:14–12(f).

We reject appellants' argument. The burden on the issue of the constitutionality of *N.J.S.A.* 45:14–12(f) did not shift to the State but rested with appellants, who patently failed to meet it in the face of the rule governing judicial review of statutes recognized in *Reingold v. Harper*, 6 *N.J.* 182, 194 (1951): "Every reasonable presumption is to be made in favor of the validity of the legislative act."

The United States Supreme Court and the highest and other courts of this State have sustained the constitutionality of price control legislation in businesses affected with a public interest, such as the pharmacy business, as an exercise of the police power to curtail unfair competition and unfair sales practices. *See, e.g., Nebbia v. People of State of New York,* 291 *U.S.* 502, 54 *S.Ct.* 505, 78 *L.Ed.* 940 (1934); *Fried v. Kervick,* 34 *N.J.* 68 (1961); *Lane Distributors, Inc. v. Tilton,* 7 *N.J.* 349 (1951); *State Board of Milk Control v. Newark Milk Co.,* 118 *N.J.Eq.* 504 (E. & A. 1935); and *Supermarkets Gen. Corp. v. Sills,* 93 *N.J.Super.* 326 (Ch.Div.1966).

We conclude that appellants have failed to establish the invalidity of the declaratory ruling of the State Board of Pharmacy under appeal. We therefore dismiss the appeal.